IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 22-cv-01573-NYW

MICHELE (DESALVO) BURKHARDT,

  Plaintiff,

v.

GOLDEN ALUMINIUM, INC.,

  Defendant.

---

**ORDER**

---

This matter is before the Court *sua sponte*. Plaintiff Michele Burkhardt, also known as Michele DeSalvo ("Plaintiff" or "Ms. Burkhardt"), initiated this civil action pro se by filing an Employment Discrimination Complaint (the "Complaint") on June 23, 2022. [Doc. 1]. Ms. Burkhardt paid this District's filing fee, *see* [Doc. 7], and thus does not proceed *in forma pauperis* in this matter. Upon Plaintiff's submission of the filing fee, the Honorable Gordon P. Gallagher directed that this case be drawn to a presiding judge. [Doc. 8]. The case was randomly assigned to the undersigned. *See* [*id.*].

Because Ms. Burkhardt represents herself in this matter, the Court must afford her filings a liberal construction. *See Haines v. Kerner,* 404 U.S. 519, 520-21 (1972). Liberal construction "means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). Plaintiff's pro se status, however, does not excuse her from complying with the procedural rules

that govern all civil actions filed in this District—namely, the Federal Rules of Civil Procedure and the Local Rules of Practice for the District of Colorado. *See Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.2 (10th Cir. 2008). The Court plays a neutral role in the litigation process and cannot assume the role of an advocate for the pro se party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998).

Relevant here, Rule 8(a) of the Federal Rules of Civil Procedure provides that a complaint must contain (1) a short and plain statement of the grounds for the Court's jurisdiction; (2) a short and plain statement of any claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Rule 8(d)(1) requires that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8." *Gravley v. Hunter*, No. 18-cv-00171-GPG, 2018 WL 10320585, at *1 (D. Colo. Apr. 6, 2018). The twin purposes of a pleading are to (1) give the opposing party fair notice of the basis for the claims against it so that it may respond and (2) allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1989).

In her Complaint, Ms. Burkhardt asserts that this Court has jurisdiction over claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, and the Equal Pay Act, 29 U.S.C. § 206(d). [Doc. 1 at 2]. Plaintiff alleges generally that she was discriminated against on the basis of sex, indicating that her claims are based on different terms and conditions of employment, retaliation, and "[d]isparaging treatment." [*Id.* at 3]. In support, Ms. Burkhardt states that she "accuses the Defendant of the following unlawful actions":

- being held to different or higher standards, or being evaluated more harshly, because of her gender identity: female

- being paid less than a person of a different gender or sexual orientation who is similarly or less qualified than her, or who has similar (or fewer) job duties than her

- being publicly disciplined for something that other employees of a different gender do but do not receive the same public discipline

- being insulted, called derogatory names or slurs because of your gender identity, or hearing hostile remarks about people of a certain gender identity or sexual orientation.

- having pay withheld for a specific reason, and then that same pay was not withheld from a different gender employee for the exact same reason

[*Id.*]. Upon review of the Complaint, the Court concludes that it fails to comply with the requirements of Rule 8.

Specifically, although the Complaint contains general allegations of wrongful conduct on the part of Defendant, the Complaint does not include any supporting factual allegations. For example, there are no assertions representing that Ms. Burkhardt was employed by Defendant or providing the employment position she held; describing the nature, timing, or extent of the alleged wrongful conduct; identifying who perpetuated the alleged wrongful conduct; or identifying employees who were treated more favorably than Plaintiff. *See generally* [*id.*].

While "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]o state a claim in federal court, a complaint must explain what each defendant did to [the plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and[] what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Thus, a complaint which

fails to assert *any* factual allegations fails to meet the requirements of Rule 8.  *See Krueger v. I.R.S.*, No. 01-412 LH/DJS, 2001 WL 1572322, at *1 (D.N.M. Oct. 22, 2001); *see also Staats v. Cobb*, No. CIV-11-417-D, 2011 WL 9133921, at *1 (W.D. Okla. Apr. 26, 2011) ("A pleading must include <u>facts</u> sufficient to provide the opposing party with fair notice of what the claim is and the grounds upon which it rests.") (emphasis added).  The Court cannot assume the existence of facts that are not alleged.  *See Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

Moreover, the Complaint does not identify or include any actual claims for relief.  *See generally* [Doc. 1].  Although Ms. Burkhardt asserts that this Court has jurisdiction pursuant to two federal statutes, this is insufficient to comply with Rule 8.  "A complaint falls short of Rule 8's notice requirement when it fails to list or clearly articulate any causes of action."  *Polovino v. Int'l Bhd. of Elec. Workers, AFL-CIO*, No. 15-cv-023-JHP-PJC, 2015 WL 4716543, at *4 (N.D. Okla. Aug. 7, 2015); *Swint v. Mueller*, No. 21-cv-382 MV-JFR, 2021 WL 2822601, at *1 (D.N.M. July 7, 2021) (the complaint failed to comply with Rule 8 where it "[did] not include discernable claims" and instead simply stated "Title VII – Discrimination").  "Claims must be presented clearly and concisely in a manageable format that allows the Court and Defendants to know what claims are being asserted and to be able to respond to those claims."  *Moore v. Cosarrubias*, No. 18-cv-00259-GPG, 2018 WL 11145813, at *2 (D. Colo. Mar. 9, 2018).  To meet the requirements of Rule 8, Ms. Burkhardt must provide more than "a bare averment that [s]he wants relief and is entitled to seek it."  *Noor v. Hickenlooper*, No. 13-cv-00692-REB-CBS, 2013 WL 1232201, at *1 (D. Colo. Mar. 26, 2013).

Accordingly, Plaintiff is **ORDERED** to file an Amended Complaint on or before **September 30, 2022** that cures the deficiencies identified in this Order.  **To comply with Rule 8, Plaintiff must specifically identify the claims she is asserting and provide a clear, concise**

statement of specific facts that supports each asserted claim.  **<u>Plaintiff is expressly ADVISED that the failure to file an Amended Complaint by the Court-ordered deadline that cures the deficiencies identified in this Order may result in this Court issuing an Order to Show Cause as to why this case should not be dismissed without prejudice pursuant to Rule 8 or Local Rule 41.1.</u>**  *See Rodriguez v. Nationwide Homes, Inc.*, 756 F. App'x 782, 785 (10th Cir. 2018) ("If a complaint fails to meet the[] basic pleading requirements, a district court may dismiss the action sua sponte for failure to comply with Rule 8.").

In addition, Ms. Burkhardt is strongly encouraged to avail herself of the services provided by the Federal Pro Se Clinic, which is located on the first floor of the Alfred A. Arraj Courthouse. The Federal Pro Se Clinic can provide Plaintiff <u>free</u> legal advice which may consist of explanations of legal rights and procedures, assistance with drafting pleadings and discovery, and referrals to other resources in appropriate cases.  Plaintiff should be aware that clinic staff will not appear in court on behalf of any pro se litigant. Ms. Burkhardt may make an appointment by phone (303.380.8786) or online at www.cobar.org/cofederalproseclinic, and walk-in appointments are available on a space-available basis.

Finally, Ms. Burkhardt is **REMINDED** that although she proceeds pro se, it remains her obligation to serve Defendant under Rule 4 of the Federal Rules of Civil Procedure.  *See Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).  Plaintiff is **ADVISED** that under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m); *cf.* D.C.COLO.LCivR 41.1 (providing for dismissal with or without prejudice for failure to comply with the Federal Rules of Civil Procedure).

For the reasons set forth herein, **IT IS ORDERED** that:

(1)  Plaintiff **SHALL FILE** an Amended Complaint on or before **September 30, 2022** that remedies the deficiencies identified in this Order;

(2)  Plaintiff is **ADVISED that the failure to file an Amended Complaint by the Court-ordered deadline that cures the deficiencies identified in this Order may result in this Court issuing an Order to Show Cause as to why this case should not be dismissed without prejudice pursuant to Rule 8 or Local Rule 41.1**; and

(3)  A copy of this Order shall be sent to Plaintiff at:

Michele Burkhardt
1701 Sumner Street
Longmont, CO 80501


DATED:  August 30, 2022                     BY THE COURT:

_____
Nina Y. Wang
United States District Judge