IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 22-cv-01573-NYW-MEH

MICHELE (DESALVO) BURKHARDT,

 Plaintiff,

v.

GOLDEN ALUMINUM, INC.,

 Defendant.

## ORDER

This matter is before the Court on the Objection to Order Granting Motion for Sanctions [Doc. 59] and the Objection to Order Granting Defendant['s] Motion for Extension of the Dispositive Motion Deadline [Doc. 60] (collectively, "Plaintiff's Objections"). For the reasons set forth in this Order, Plaintiff's Objections are respectfully **OVERRULED**.

## BACKGROUND

Plaintiff Michele Burkhardt ("Plaintiff" or "Ms. Burkhardt"), who proceeds pro se, initiated this employment discrimination case against Defendant Golden Aluminum, Inc. ("Defendant" or "Golden Aluminum") on June 23, 2022. [Doc. 1]. The Honorable Michael E. Hegarty held a Scheduling Conference on March 21, 2023, *see* [Doc. 30; Doc. 31], and the Parties proceeded with discovery.

On September 11, 2023, Judge Hegarty held a discovery dispute conference to discuss a dispute about Defendant's request for Plaintiff to supplement her discovery responses. *See* [Doc. 43]. Judge Hegarty reviewed each individual discovery request

proffered by Defendant and ordered Ms. Burkhardt to supplement her responses to a number of those requests by October 2, 2023. [*Id.* at 1]. Judge Hegarty also ordered Defendant to file a status report addressing Plaintiff's supplemental responses by October 16, 2023. [*Id.*]. At the hearing, Defendant made an oral motion for sanctions, which Judge Hegarty took under advisement. [*Id.* at 1–2]. After the discovery hearing, Golden Aluminum followed up in writing to Ms. Burkhardt regarding the discovery ordered by Judge Hegarty and reminded her that the Court had ordered certain discovery responses by October 2, 2023. *See* [Doc. 51-1].

Golden Aluminum filed its status report on October 12, 2023. [Doc. 48]. In that filing, Defendant represented that "Plaintiff did supplement her response and provided some of the additionally requested documents, though she did not provide all of them." [*Id.* at ¶ 2]. According to Defendant, Plaintiff still needed to produce (1) her 2020 tax return; (2) tax forms from 2021; and (3) notes she took during her employment with Golden Aluminum. [*Id.* at ¶ 3]. Defendant also renewed its oral motion for sanctions. [*Id.* at ¶ 5]. After reviewing Defendant's status report, Judge Hegarty directed Defendant to file a formal motion for sanctions on or before October 27, 2023. [Doc. 50 at 1]. Judge Hegarty set Plaintiff's deadline to respond to the forthcoming sanctions motion for November 17, 2023, and the reply deadline for December 1, 2023. [*Id.*].

In its timely filed Motion for Sanctions, Defendant set out its position that Plaintiff provided inadequate discovery responses and failed to produce all of the documents requested by Defendant. [Doc. 51 at ¶¶ 6–8]. Defendant requested discovery sanctions under Rule 37 in the amount of $2,772.50—the amount Defendant incurred addressing Plaintiff's discovery violations. [*Id.* at ¶¶ 9, 14].

2

Ms. Burkhardt did not file a response to the Motion for Sanctions. As explained by Judge Hegarty,

> Pursuant to ECF 50, Plaintiff's Response to the Motion for Sanctions was due by November 17, 2023. Plaintiff, however, has failed to file her Response despite having repeated notice of the deadline. On November 15, 2023, Plaintiff emailed [Judge Hegarty's] Chambers, appearing to present a response to the sanctions issue. On November 16, 2023, this Court responded by email stating that the Court does not permit responses to motions by email message to Chambers and directing Plaintiff to set forth her arguments in her Response to her Motion for Sanctions due the next day. That same day, Plaintiff responded to the Court's email, attaching a Response to Defendant's Status Report (which addresses the sanctions issue). The Court again responded by email, stating that Plaintiff must file a Response on the docket in order for it to be considered by the Court. Defense counsel was copied on all emails. Plaintiff has not filed a Response as directed.

[Doc. 54]. Because Plaintiff failed to formally oppose the Motion for Sanctions, and after concluding that the requested fees are reasonable, Judge Hegarty granted the Motion for Sanctions. [*Id.*]. And after Defendant requested a firm deadline for Plaintiff's payment of the fee award, *see* [Doc. 55 at ¶ 5], Judge Hegarty set a deadline of January 31, 2024 for Plaintiff to pay the awarded fees, [Doc. 58]. In so doing, Judge Hegarty warned Plaintiff that "[i]n the event Plaintiff does not pay the sanction by this deadline," he was "likely to recommend as a sanction dismissal of her case." [*Id.*].

Ms. Burkhardt then filed her Objections to Judge Hegarty's two orders. *See* [Doc. 59; Doc. 60]. Ms. Burkhardt first objects to Judge Hegarty's order awarding sanctions, asserting that she has complied with Judge Hegarty's original order directing Plaintiff to supplement her responses and has "supplied all documents requested that currently exist to her knowledge." [Doc. 59 at 1]. She states that she "has moved her residence three (3) times between 2019 and 2021, and during the last move in 2021 her home was burglarized while she was moving," and asserts that she has "consistently stated that she

3

has submitted all requested documents that she knowingly has in her possession." [*Id.*]. In her second filing, Ms. Burkhardt represents that she is no longer employed and cannot pay the $2,772.50 fee award as "a lump sum in the near future and respectfully requests a payment plan to pay these sanctions off." [Doc. 60 at 1].[1]  Golden Aluminum did not respond to Plaintiff's Objections.

## LEGAL STANDARD

An order imposing discovery sanctions is a nondispositive court order. *See Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997) ("Discovery is a nondispositive matter, and magistrate judges have the authority to order discovery sanctions."). When a magistrate judge issues an order on a nondispositive matter, "[a] party may serve and file objections to the order within 14 days after being served with a copy." Fed. R. Civ. P. 72(a).  "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*  The district court must affirm a magistrate judge's decision unless, "on the entire evidence," the court "is left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quotation omitted).

---

[1] Ms. Burkhardt's second filing is titled "Objection to Order Granting Defendant['s] Motion for Extension of the Dispositive Motion Deadline." [Doc. 60]. For purposes of clarity, the Court notes that Ms. Burkhardt does not object to Judge Hegarty's extension of the dispositive motions deadline, but instead appears to object to Judge Hegarty's directive that she pay the fee award in full by January 31, 2024. *See* [*id.* at 1].

4

## ANALYSIS

Plaintiff's arguments are two-fold: first, she contends that she has produced all of the requested discovery that she has in her possession, such that sanctions are not warranted, and second, she asserts that she cannot afford to pay the full fee award by the deadline set by Judge Hegarty. [Doc. 59 at 1; Doc. 60 at 1].

With respect to Plaintiff's first contention, any argument that Ms. Burkhardt had fully complied with Judge Hegarty's discovery order or that discovery sanctions were otherwise not warranted should have been made in a formal response to the Motion for Sanctions filed on the Court's docket. Ms. Burkhardt was apparently aware of her deadline to respond to the Motion for Sanctions, given her attempts to email her response to Judge Hegarty's chambers on November 15 and 16, 2023. However, despite Judge Hegarty's chambers twice informing Plaintiff that Judge Hegarty would not accept an emailed response and twice directing Plaintiff to file her response on the docket, Ms. Burkhardt failed to do so.[2]  *See* [Doc. 54].

Although Ms. Burkhardt proceeds pro se, her pro se status does not excuse her from complying with the procedural rules that govern all civil actions filed in this District, including the Local Rules of Practice. *See Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002). The Local Rules provide that "[u]nless otherwise provided in this rule or otherwise ordered, each pleading and document filed in a civil action shall be formatted, signed, and filed electronically in CM/ECF as prescribed by the Electronic

---

[2] Ms. Burkhardt's contacts with Judge Hegarty's chambers are also in contravention of the Local Rules of Civil Practice for the District of Colorado. D.C.COLO.LCivR 77.2 provides that "[u]nless otherwise ordered, a party to or an attorney in a proceeding shall not communicate directly about the proceeding in any manner with a judicial officer assigned to the proceeding."

5

Case Filing Procedures." D.C.COLO.LCivR 5.1(a). Where a party is unrepresented and does not have e-filing status, the unrepresented party is to use the "procedures, forms, and instructions posted on the court's website." D.C.COLO.LCivR 5.1(c). As explained twice to Ms. Burkhardt by Judge Hegarty's chambers, this District does not permit the filing of documents via email to a judicial officer's chambers.

Because Ms. Burkhardt failed to file a response to the Motion for Sanctions, her argument that discovery sanctions are not warranted because she has complied with Judge Hegarty's order is not properly before this Court and has been waived. *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's [order] are deemed waived."); *see also Sinclair Wyo. Refin. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 783 (10th Cir. 2021) (finding firm waiver rule applicable when a party fails to object to a magistrate judge's nondispositive ruling under Rule 72(a)); NYW Civ. Practice Standard 72.3(b) ("[T]his Court disfavors the consideration of arguments . . . not made to the Magistrate Judge. Should the objecting party seek to make arguments . . . that were not raised before the Magistrate Judge, such party must expressly identify those arguments . . . and explain why such omitted arguments . . . should be considered, in the first instance, upon Objection."). And in any event, Plaintiff fails to provide any meaningful explanation to support her assertion that she fully complied with Judge Hegarty's discovery order, and thus, this Court cannot form a "definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp.*, 847 F.2d at 1464 (quotation omitted). Accordingly, Plaintiff's Objection to Judge Hegarty's order awarding sanctions is **OVERRULED**.

As for Ms. Burkhardt's second argument requesting that she be permitted to pay the fee award using a payment plan, the Court acknowledges the possible financial difficulties associated with paying the $2,772.50 fee award in full by January 31, 2024. However, Ms. Burkhardt has been on notice since at least September 11, 2023 that Defendant may be seeking sanctions in this case due to Ms. Burkhardt's purported discovery violations, and Ms. Burkhardt could have, but did not, raise any such concerns in a formal response to the Motion for Sanctions. The ordering of discovery sanctions, including the parameters of or deadlines associated with the payment, are well within the discretion of Judge Hegarty, and this Court declines to sua sponte modify Judge Hegarty's directive, especially because the financial concerns now raised by Plaintiff have not been presented to Judge Hegarty.

The Court also acknowledges, however, that Ms. Burkhardt represents that she lost her job on November 16, 2023, *see* [Doc. 60 at 1], and Ms. Burkhardt may not have realized the full financial impact of her job loss by her November 17, 2023 deadline to respond to the Motion for Sanctions. Moreover, Judge Hegarty ruled on Defendant's request for a court-ordered deadline for payment of the fee the day after Defendant made that request, *see* [Doc. 55; Doc. 58], which may have hindered Plaintiff's ability to raise this argument in a formal response to Defendant's request.

Because Plaintiff has not demonstrated a clear error in Judge Hegarty's order setting a deadline for payment of the fee award, Plaintiff's Objection to the deadline is **OVERRULED**. But to the extent Plaintiff requests that she be permitted to pay the fee award pursuant to a payment plan, the Court will grant Plaintiff leave to file a formal motion requesting that relief, and any such motion will be referred to Judge Hegarty. **Plaintiff**

7

shall meet and confer with counsel for Defendant in good faith prior to filing any such motion and the Parties shall make good faith efforts to come to a mutually agreeable arrangement for the payment of the fee award.  Any motion requesting that Plaintiff be permitted to pay the fee award pursuant to a reasonable payment plan must be filed formally on the docket on or before <u>January 19, 2024</u>.

## CONCLUSION

For the reasons set forth herein, **IT IS ORDERED** that:

(1) Plaintiff's Objections [Doc. 59; Doc. 60] are **OVERRULED**;

(2) Plaintiff is **GRANTED LEAVE** to file a formal motion requesting that she be permitted to pay the fee award pursuant to a reasonable payment plan, **only after conferring in good faith with counsel for Defendant**, on or before <u>**January 19, 2024**</u>;

(3) <u>**The Parties shall make good faith efforts to come to a mutually agreeable arrangement for the payment of the fee award**</u>; and

(4) A copy of this Order shall be sent to:

> Michele Burkhardt
> 1701 Sumner Street
> Longmont, CO 80501

DATED:  January 3, 2024

BY THE COURT:

_____
Nina Y. Wang
United States District Judge